NONPRECEDENTIAL DISPOSITION
To be cited only in accordance
with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 17, 2007[*]
Decided November 5, 2007

**Before**

Hon. FRANK H. EASTERBROOK, *Chief Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

No. 06-4371

| | |
|---|---|
| JOSEPH L. BELL,<br>    *Plaintiff-Appellant*,<br><br>    *v.*<br><br>RICK LYONS, GLENDA MEEKS,<br>BILL JOHNSON and MARK ZBIERANEK,[1]<br>    *Defendants-Appellants*. | Appeal from the United States<br>District Court for the<br>Eastern District of Wisconsin<br><br>No. 04 C 926<br><br>Charles N. Clevert, Jr.,<br>*Judge*. |

**O R D E R**

Joseph Bell claims in this action under 42 U.S.C. § 1983 that the defendants, three Wisconsin parole agents and their supervisor, violated his constitutional

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. Fed. R. App. P. 34(a)(2).

[1] We note that it is apparent from the record that the first defendant's last name is "Lyon," rather than "Lyons." We have, however, captioned the case as it appeared in the district court.

rights by detaining him while investigating suspected violations of his parole without first permitting him to take a polygraph. The district court granted summary judgment for the defendants, reasoning that Bell, whose parole has since been discharged, had no right to a polygraph before any detention. We agree and affirm the judgment.

The relevant facts are not in dispute. Bell robbed and strangled a woman in her home and in 1987 was convicted of second-degree murder and robbery. He was paroled in 1995, but his parole was revoked three years later. Within two years of his return to prison, Bell reached his mandatory release date, a statutorily determined date by which a Wisconsin inmate must be paroled. *See* WIS. STAT. § 302.11. Bell was released again subject to compliance with standardized Rules of Community Supervision. One of those rules, Rule 17, states that the parolee "shall submit to the polygraph (lie detector) examination process as directed by your agent in accordance with Wisconsin Administrative Code 332.15." Four times during the term of his parole, which ended in December 2005, Bell was detained for suspected violations of his parole conditions. After two of the detentions, he admitted the suspected violations and was released upon agreeing to additional conditions. After the other two detentions, he was released because the suspected violations could not be confirmed.

Bell claimed, based on his reading of Rule 17, that the defendants were required to administer a polygraph to verify their suspicions before detaining him. The defendants responded, and the district court agreed, that Rule 17 does not confer on *any* parolee a right to insist on taking a polygraph, and that, in any case, the rule allows polygraphs only "in accordance with Wisconsin Administrative Code 332.15," which governs sex offenders. *See* WIS. ADMIN. CODE DOC § 332.15. Bell is not a sex offender, the court explained, so Rule 17 did not even apply to him. Morever, the court continued, the defendants on each occasion had reasonable suspicion to believe that Bell had violated the conditions of his parole and thus were justified in detaining him.

On appeal, Bell continues to insist that Rule 17 vested him with a right to insist on taking a polygraph before he could be detained on suspicion of violating his parole. Bell's reading of the rule is not only untenable, as the district court noted, but it is also irrelevant because the rule's interpretation is purely an issue of state law. In any case, parolees have liberty interests more limited than those of the general population, and the defendants needed only reasonable suspicion that Bell had violated the terms of his parole to take him into custody. *See Knox v. Smith*, 342 F.3d 651, 657 (7th Cir. 2003); *State v. Goodrum*, 449 N.W.2d 41, 44-45 (Wis. Ct. App. 1989); *cf. Hernandez v. Sheahan*, 455 F.3d 772, 775 (7th Cir. 2006) ("Police are entitled to act on information that may be inaccurate and let the courts determine whether to credit a suspect's claim of innocence."). The district court concluded that

the defendants had reasonable suspicion each time they detained Bell, and Bell does not challenge that finding on appeal.

Accordingly, the judgment is AFFIRMED.